AYRES, Judge.
This proceeding, instituted initially by plaintiff, Jim John Theo, as an action for divorce was predicated upon the husband’s and wife’s continued living separate and apart for a period of time exceeding a year and sixty days following a judgment of separation a mensa et thoro obtained in an action by the wife against the husband. In this cause, the defendant wife answered plaintiff’s petition and in reconvention sought, on the same basis, an absolute divorce on her own behalf as well as alimony for herself and support for three minor children in the aggregate sum of $750 per month.
After trial there was judgment in favor of plaintiff against the defendant awarding plaintiff a final divorce forever dissolving *525 the bonds of matrimony existing between them. There was, however, further judgment in favor of the wife condemning the plaintiff to pay alimony and support in the sum of $525 per month, prorated $225 to the defendant wife for alimony and $150 for the support of each of two minors (the third, in the meantime, had reached the full age of majority).
So far as the judgment awarded defendant alimony and the minors support, plaintiff appealed. Defendant, in answer to the appeal, prayed that the total award be increased to $750 per month, thereby increasing her alimony to $450 per month and maintaining the support for each of the two minors at $150 per month.
The usual controversy with respect to alimony and support exists here. The husband insists that the awards are excessive and are, in fact, more than he can pay. Defendant contends the awards are insufficient for the needs of herself and the minors, whose needs were itemized at the time of trial at $962.76 per month and at the time this action was filed at $872.21 per month. These needs warrant an increase in the awards. In this connection, the wife, in her individual capacity and representative capacity on behalf of the minors, questions the accuracy of the record insofar as it establishes the lack of ability on plaintiff’s part to pay the alimony and support.
Plaintiff owns, operates, and manages, and has done so for many years, a small cafe or sandwich shop in downtown Shreveport. His testimony and income tax returns fix his annual net income at approximately $7,500, or $625 monthly. However, from proof offered in the record it appears plaintiff’s income is much greater than that which he claims. The evidence relative thereto was largely peculiarly within his own knowledge and possession. His assets, however, have a value exceeding $20,000. His indebtedness is approximately 12i/2% of this property evaluation. Acknowledged expenditures evidence that plaintiff has an income approaching $2,000 per month. His testimony that such expenditures were primarily made from sources other than income is not convincing.
The defendant, Mrs. Theo, is unemployed. She is approximately 50 years of age, with little work experience. She had savings of only $26.31 at the time of trial. She owns a home purchased in 1970 for $24,500, encumbered by a mortgage of $16,750. The residence needs a new roof and repainting. She has no stocks, bonds, or other investments, and had, at the time of trial, only $22 in her checking account.
Considering plaintiff’s and the minors’ needs and our appreciation of the evidence as to plaintiff’s ability to pay, the alimony of the wife should, in our opinion, be increased to the sum of $375 per month, and the support for the remaining minor, after the attainment of majority by one of them to whom support is no longer due, should be continued in the sum of $150.00 per month; and it is so ordered.
The judgment appealed is accordingly amended and, as amended, affirmed at the cost of plaintiff-appellant, Jim John Theo.
Amended and affirmed.